**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| RAMON AGUIRRE AND BERTHA AGUIRRE, | Case No. 14-24420 |
| | Hon. Timothy A. Barnes |
| Debtors. | |

**NOTICE OF MOTION**

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **December 1, 2015, at 10:00 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Timothy A. Barnes**, Bankruptcy Judge, in Courtroom No. 744, U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the **Motion of Wheeler Financial, Inc. for Relief from the Automatic Stay** (the "Motion"), a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading, at which hearing you may appear if you see fit.

Dated:  November 19, 2015

Respectfully submitted,

WHEELER FINANCIAL, INC.

By:  /s/ Robert M. Fishman
      One of their attorneys

Robert M. Fishman (3124316)
David R. Doyle (6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
rfishman@shawfishman.com
ddoyle@shawfishman.com

{11517-001 MOT A0422734.DOCX 3}

## CERTIFICATE OF SERVICE

David R. Doyle, an attorney, hereby certifies that he caused a true copy of the foregoing notice and **MOTION OF WHEELER FINANCIAL, INC. FOR RELIEF FROM THE AUTOMATIC STAY**, to be served via the means listed below on this 19th day of November, 2015.

/s/    David R. Doyle

**CM/ECF Service List**

- Paul M Bach    ecfbach@gmail.com, ECFNotice@sulaimanlaw.com; Courtinfo@Sulaimanlaw.com; bkycourtinfo@gmail.com; Paul@BachOffices.com; mbadwan@sulaimanlaw.com; bkycourtinfo@gmail.com; sulaiman.igotnotices@gmail.com; bkecf_sulaiman@bkexpress.info
- Penelope N Bach    pnbach@sulaimanlaw.com, ecfbach@gmail.com; courtinfo@sulaimanlaw.com; bkycourtinfo@gmail.com; ECFNotice@sulaimanlaw.com; mbadwan@sulaimanlaw.com; bkycourtinfo@gmail.com; sulaiman.igotnotices@gmail.com; bkecf_sulaiman@bkexpress.info
- Mohammed O Badwan    mbadwan@sulaimanlaw.com, mbadwan@sulaimanlaw.com; courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com; SulaimanLaw@BestClientInc.com;sulaiman.igotnotices@gmail.com; bkecf_sulaiman@bkexpress.info
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Lauren Newman    lnewman@thompsoncoburn.com, jhampton@thompsoncoburn.com
- Nathan C Volheim    courtinfo@sulaimanlaw.com, molly.a@consumerlawpartners.com, sulaiman.igotnotices@gmail.com

**U.S. MAIL**

AES / Wells Fargo
American Education Services
1200 N. 7th Street
Harrisburg, PA 17102

Bank of America, N.A.
401 N. Tryon Street
NC1-021-02-20
Charlotte, NC 28255

Capital One Bank
Attn: Bankruptcy Dept.
P.O. Box 30285
Salt Lake City, UT 84130

JP Morgan Chase
1111 Polaris Parkway
Columbus, OH 43240

Citibank
Attn: Bankruptcy Dept.
P.O. Box 20507
Kansas City, MO 64195

Discover Financial Services LLC
P.O. Box 15316
Wilmington, DE 19850

Kohl's
P.O. Box 2983
Milwaukee, WI 53201

Ahamad T. Sulaiman
Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, IL 60523

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| RAMON AGUIRRE AND BERTHA AGUIRRE, | Case No. 14-24420 |
| | Hon. Timothy A. Barnes |
| Debtors. | |

**MOTION OF WHEELER FINANCIAL, INC.
FOR RELIEF FROM THE AUTOMATIC STAY**

Wheeler Financial, Inc. ("Wheeler"), pursuant to 11 U.S.C. § 362(d)(1), hereby moves (the "Motion") for relief from the automatic stay to prosecute its petition for a tax deed for the real property owned by the above-captioned debtors (the "Debtors") located at 1374 West Grand Avenue, Chicago, Illinois, which petition is currently pending in the Circuit Court of Cook County. In support of the Motion, Wheeler respectfully states as follows:

**Introduction**

1. Wheeler purchased the 2010 Taxes[1] for the Grand Avenue property at the Cook County Collector's annual Tax Sale held on August 8, 2012. The Debtors filed their Chapter 11 case prior to the expiration of the Redemption Period. Under their confirmed Plan, the Debtors were required to pay Wheeler's claim on account of the 2010 Taxes in full by October 15, 2015. However, the Debtors did not make the payment required by the Plan. The Debtors thus committed a post-confirmation default that entitles Wheeler to stay relief for "cause" pursuant to 11 U.S.C. § 362(d)(1). The Court should therefore modify the stay to allow Wheeler to complete the process to obtain a tax deed to the Property.

---

[1] Undefined terms in this Introduction shall have the meanings set forth herein below.

{11517-001 MOT A0422734.DOCX 3}

**Background**

A. **The Tax Sale**

2. The Debtors own the real property located at 1374 West Grand Avenue, Chicago, Illinois, Permanent Real Estate Number 17-08-124-022-0000 (the "Property").

3. Prior to filing bankruptcy, the Debtors failed to pay the property taxes owing to Cook County for the 2010 tax year in the amount of $10,592.98 (the "2010 Taxes").

4. On August 8, 2012, Wheeler purchased the delinquent 2010 Taxes for the Property at the Cook County Collector's annual tax sale (the "Tax Sale") and received a Certificate of Purchase (the "Certificate") to memorialize the Tax Sale. A copy of the Certificate of Purchase is attached hereto as Exhibit A.

5. Upon purchasing the 2010 Taxes, Wheeler obtained a tax lien secured by the property. *See* 735 ILCS 200/21-75; *In re Lamont*, 740 F.3d 397, 404 (7th Cir. 2014) (noting that purchasers of delinquent taxes hold tax liens under Illinois law).

6. Prior to filing bankruptcy, the Debtors also failed to pay the first and second installments of property taxes for tax years 2011 and 2012, as well as the first installment for tax year 2013 (collectively, the "Subsequent Taxes"). On November 6, 2012, April 25, 2013, August 22, 2013 and April 2, 2014, respectively, Wheeler paid the Subsequent Taxes. Copies of the proof of purchases are attached hereto as Group Exhibit B.

7. Pursuant to 35 ILCS 200/21-350, the Debtors or any other person with an interest in the Property were entitled to redeem the 2010 tax sale by paying the tax sale amount plus interest, all Subsequent Taxes paid by Wheeler plus interest and various costs and fees at any time until two years from the date of the initial tax sale, or by September 8, 2014 (the "Redemption Period").

8. Wheeler extended the Redemption Period until June 8, 2015, pursuant to 35 ILCS 200/21-385. Copies of the notices of extensions are attached hereto as Group Exhibit C.

9. Pursuant to 35 ILCS 200/22-30, on December 10, 2014, Wheeler filed a Petition for tax deed in the Circuit Court of Cook County which was identified as case number 2014 CoTD 4203. Thereafter, and pursuant to 35 ILCS 200/22-15, Wheeler timely provided notice of the expiration date of the Redemption Period to the Debtors and all persons with an interest in the Property, including mortgagees. Copies of the Petition, the Statutory notices and proof of service are attached hereto as Group Exhibit D.

10. Neither the Debtors nor any other party timely exercised their respective right to redeem the 2010 Taxes.

**B. The Bankruptcy Case**

11. On June 30, 2014, prior to the expiration of the Redemption Period, the Debtors filed the above-entitled chapter 11 case (the "Case").

12. The Debtors did not list the 2010 Taxes in their bankruptcy schedules. *See* Dkt. No. 22.

13. The Debtors did not provide notice to Wheeler or Cook County of the Case or the claims bar date. *See* Dkt. Nos. 13, 38.

14. Wheeler only learned of the Case on or about March 1, 2015 when it received a Certificate of Service of Class 2 Ballots.

15. On April 15, 2015, the Court entered an order [Dkt. No. 85] confirming (the "Confirmation Order") the Debtors' *Second Amended Plan of Reorganization* [Dkt. No. 70] (the "Plan"), as well as an order amending the Plan [Dkt. No. 84] (the "Amendment Order"). Copies of the Plan and Amendment Order are attached hereto as Group Exhibit E.

16. Under the Plan, Wheeler was allowed a "Class 2" Claim (the "Wheeler Claim") and was entitled to payment "of the entire balance owed to Wheeler" from the proceeds of the sale of certain real property owned by the Debtors at 1307 Burlington in Lisle, Illinois (the "Lisle Property"). *See* Amendment Order; Plan at 3, 10.

17. The Plan contemplated that the Debtors would sell the Lisle Property and utilize the proceeds of the sale to pay off the entire amount of the Wheeler Claim. The Debtors were required to pay off the Wheeler Claim within six months of confirmation, or October 15, 2015.

18. The Debtors have failed to make any payments to Wheeler.

## Stay Relief for "Cause" Under § 362(d)(1)

19. Section 362(d)(1) of the Bankruptcy Code requires the Court to grant relief from stay "for cause." 11 U.S.C. § 362(d)(1). "Cause, as used in § 362(d), has no clear definition and is determined on a case-by-case basis." *In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991) (internal citations omitted). The Seventh Circuit adopted a three-factor test to determine whether "cause" exists that considers whether:

   a) Any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit,

   b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and

   c) the creditor has a probability of prevailing on the merits.

*Id.*

20. Court have held that "cause" exists when the debtor fails to comply with the terms of its confirmed plan and commits a "post-confirmation default."[2] *E.g.*, *In re Quinlan*, 12 B.R.

---

[2] Failure to comply with a confirmed plan also constitutes "cause" to dismiss or convert a chapter 11 case. *See* 11 U.S.C. § 1112(b)(4)(N) ("[T]he term 'cause' includes . . . material default by the debtor with respect to a confirmed plan.").

516, 517 (Bankr. W.D. Wis. 1981) (holding that debtor's unjustified failure to make payment required by chapter 13 plan constituted "cause" for stay relief under § 362(d)(1)); *In re Swift*, 2009 WL 535986, at *3 (Bankr. N.D. Ill. 2009) (granting motion for relief from stay after debtor failed to make chapter 13 plan payments); *In re Continental Airlines*, 134 B.R. 536, 542 (Bankr. D. Del. 1991) (noting that a post-confirmation default constitutes "cause" under § 362(d)(1)); *see In re Morrow*, 495 B.R. 378, 387 (Bankr. N.D. Ill. 2013) (Barnes, J.) (noting that, after a plan is confirmed, cause under § 362(d)(1) "is, most specifically, the debtor's adherence to or deviation from its plan"); *In re Jones*, 2011 WL 748427, at *2 ("The only possible legitimate causes of action for the relief from the stay after confirmation would relate to matters occurring after confirmation, such as failure to receive periodic payments").

21. In the context of tax sales, courts in this Circuit have held that a post-confirmation default entitles a tax purchaser to relief from the automatic stay to obtain a tax deed.[3] *E.g.*, *In re Bates*, 270 B.R. 455, 468 (Bankr. N.D. Ill. 2001) (noting that, "if the debtor fails to make the required plan payments, the tax purchaser may enforce its state law lien rights"). The Seventh Circuit has adopted Judge Wedoff's reasoning in *Bates*. *See In re Lamont*, 740 F.3d 397, 409 (7th Cir. 2014) (noting that "[h]ow a Chapter 13 plan operates in the tax sale context has been correctly explained in [*Bates*].").

---

[3] Wheeler has been unable to find a case in the Seventh Circuit addressing stay relief for a tax purchaser in a chapter 11 case after a post-confirmation default, as opposed to a chapter 13 case. *See In re Bovino*, 496 B.R. 492, 504 (Bankr. N.D. Ill. 2013) ("To this court's knowledge, spreading delinquent real estate tax payments past the redemption period has not been dealt with in the context of a chapter 11"). But this is of no import—after a plan is confirmed, there is no reason that a lienholder's rights under § 362(d)(1) in a chapter 13 case would change in a chapter 11. *See id.*

{11517-001 MOT A0422734.DOCX 3} 5

**Argument**

22. **The Debtors' post-confirmation default entitles Wheeler to stay relief.** "Cause" exists in this case to lift the stay. When the Debtors failed to pay the Wheeler Claim by October 15, 2015, as required by the Plan, they committed a material, post-confirmation default.

23. Illinois law provides that a tax purchaser is entitled to receive a tax deed to the property after the redemption period has expired. *See* 35 ILCS 200/22-40(a). Addressing the rights of tax purchasers in a chapter 13, the Seventh Circuit recently explained that tax purchasers are lienholders, with a special distinction—"[t]he peculiarity of his interest is that, if the debtors' real property is not redeemed, he may obtain not just the value of his lien, but may take the real property in its entirety." *In re Lamont*, 740 F.3d at 406. If a debtor files bankruptcy before expiration of the redemption period—as the Debtors did here—the debtor may treat the tax purchaser's claim in a chapter 11 plan of reorganization. *Bovino*, 496 B.R. at 504 (holding that a debtor may pay a tax purchaser's claim through a chapter 11 plan "as opposed to prior to the redemption period"); *see Lamont*, 740 F.3d at 409 (holding that a tax purchaser has a claim that may be treated in bankruptcy). But if the debtor does not comply with the plan, the tax purchaser is entitled to enforce his state law rights and obtain a tax deed. *See Lamont*, 740 F.3d at 409 (noting that "expiration of the redemption period does not affect the validity of the plan or necessitate a modification of the automatic stay *so long as the debtors comply with the plan*") (emphasis added); *Bates*, 270 B.R. at 468 (noting that, "if the debtor fails to make the required plan payments, the tax purchaser may enforce its state law lien rights").

24. Here, the Debtors' failure to pay the Wheeler Claim according to the terms of the Plan is a post-confirmation default that amounts to "cause" under § 362(d)(1). *See Morrow*, 495 B.R. at 387 (post-confirmation plan default constitutes "cause" under § 362(d)(1)). Accordingly,

the Court should grant Wheeler relief from the automatic stay to "enforce its state law lien rights." *Bates*, 270 B.R. at 468.

25. To the extent that the Court finds the *Fenstrom* factors applicable, each of them weighs in favor of stay relief. The potential harm to Wheeler far exceeds any harm to the Debtors or the bankruptcy estate if the stay is lifted. As explained above, Wheeler holds a vested right to a tax deed to the Property now that the Redemption Period has expired and the Debtors have failed to comply with the terms of the Plan. *See Bates*, 270 B.R. at 468; *see also Fernstrom*, 938 F.2d at 737 (holding that the advanced stage of prepetition litigation weighs more heavily in favor of granting stay relief for "cause"). Denying stay relief will preclude Wheeler from exercising this right. The Debtors, on the other hand, have had every opportunity to pay off the 2010 Taxes and the Wheeler Claim—first, at the time the taxes were due, then through the state law redemption procedures, and finally through the confirmed chapter 11 Plan—but have failed to so do. The Court should not permit the Debtors to benefit from their chronic delinquency at Wheeler's expense.

26. Further, Wheeler has a strong likelihood of "prevailing on the merits" outside of bankruptcy court. *Fernstrom*, 938 F.2d at 735. As explained above, Wheeler purchased the 2010 Taxes at the Tax Sale and paid the Subsequent Taxes on the Property. *See* 35 ILCS 200/21-10, 35 ILCS 200/21-30, 35 ILCS 200/22-40(a); Exhibits A and B. Wheeler timely filed its petition for a tax deed and properly notified all necessary parties of the redemption deadlines. *See* 35 ILCS 200/22-10, 35 ILCS 200/22-30; Exhibits C and D. Wheeler has complied with the necessary procedures of the Property Tax Code and is entitled to receive a tax deed to the Property. Thus all of the *Fernstrom* factors weigh heavily in favor of granting stay relief.

**Notice**

27. In accordance with Fed. R. Bankr. P. 4001(a), Wheeler has caused notice of this motion to be served on the Debtor's list of twenty largest creditors and all other parties requesting notice in this Case. *See* Fed. R. Bankr. P. 4001(a)(1).

**Conclusion**

28. For these reasons, Wheeler respectfully requests that the Court (i) grant relief from the automatic stay to permit Wheeler to take all actions necessary to obtain a tax deed to the Property; and (ii) grant such other just and appropriate relief.

Dated: November 19, 2015        Respectfully submitted,

WHEELER FINANCIAL, INC.

By  /s/ Robert M. Fishman
     One of their attorneys

Robert M. Fishman (3124316)
David R. Doyle (6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL  60654
rfishman@shawfishman.com
ddoyle@shawfishman.com