**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RAMON AGUIRRE AND | ) | Case No.  14-24420 |
| BERTHA AGUIRRE, | ) | |
| | ) | Judge Timothy Barnes |
| Debtors. | ) | |

**NOTICE OF MOTION**

**SEE ATTACHED SERVICE LIST:**

PLEASE TAKE NOTICE that on May 11, 2016, at the hour of 10:00 a.m., or as soon thereafter as counsel may be heard, the undersigned counsel shall appear before the Honorable Timothy Barnes, presiding in Courtroom 744, United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present **JPMORGAN CHASE BANK, N.A.'S MOTION FOR STAY OF ORDER MODIFYING THE AUTOMATIC STAY PURSUANT TO FED. R. BANKR. P. 8007 PENDING APPEAL**, a copy of which is served upon you.

Dated: May 2, 2016

                                                  Respectfully submitted,

                                                  JPMorgan Chase Bank, N.A., Movant,

                                                  By: */s/ Brian W. Hockett*
                                                          One of Its Attorneys

Brian W. Hockett (IL Bar No. 6281854)
Thompson Coburn LLP
One U.S. Bank Plaza
St. Louis, Missouri  63101
Telephone: 314-552-6461
Facsimile: 314-552-7000
bhockett@thompsoncoburn.com

Lauren Newman, Esq. (IL Bar No. 6188355)
Thompson Coburn LLP
55 East Monroe, 37th Floor
Chicago, Illinois 60603
Telephone: (312) 346-7500
Fax: (312) 782-3659
lnewman@thompsoncoburn.com

**CERTIFICATE OF SERVICE**

    The undersigned attorney, being first duly sworn on oath, deposes and says that she served a copy of the NOTICE OF MOTION and JPMORGAN CHASE BANK, N.A.'S MOTION FOR STAY OF ORDER GRANTING RELIEF PURSUANT TO FED. R. BANKR. P. 8007 PENDING APPEAL, by ECF or U.S. Mail, as designated below, on May 2, 2016.

                                                      /s/ Brian W. Hockett

Ramon Aguirre
Bertha Aguirre
4599 Hatch Lane
Lisle, IL 60532
(Via U.S. Mail)

Paul M. Bach
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, IL 60523
(Via ECF)

Penelope N. Bach, Esq.
Bach Law Offices
555 Skokie Blvd, Suite 500
Northbrook, IL 60062
(Via ECF)

Robert M. Fishman
Shaw Fishman Glanz & Towbin LLC
312 North Clark Street, Suite 800
Chicago, IL 60654
(Via ECF)

David R. Doyle
Shaw Fishman Glanz & Towbin LLC
312 North Clark Street, Suite 800
Chicago, IL 60654
(Via ECF)

Patrick S. Layng
Office of the U.S. Trustee
219 S. Dearborn Street, Room 873
Chicago, IL 60604
(Via ECF)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RAMON AGUIRRE AND BERTHA AGUIRRE, | ) |
| | ) Case No. 14-24420 |
| | ) |
| | ) Judge Timothy Barnes |
| Debtors. | ) |

JPMORGAN CHASE BANK, N.A.' S MOTION FOR
STAY OF ORDER MODIFYING AUTOMATIC STAY
PURSUANT TO FED. R. BANKR. P. 8007 PENDING APPEAL

JPMorgan Chase Bank, N.A. ("Chase"), by and through its attorneys, Lauren Newman and Brian Hockett of Thompson Coburn LLP, requests that the Court enter an order staying enforcement of its Order Modifying the Automatic Stay (Dkt. No. 136) ("Order Granting Relief") pending appeal of this order and the Order Denying Motion to Modify Plan (Dkt. No. 137) ("Order Denying Plan Modification," and together with the Order Granting Relief, the "Orders") by Chase to the United States District Court for the Northern District of Illinois. In support of the Motion, Chase states as follows:

1. On April 18, 2016, the Court entered the Orders and its Memorandum Decision related thereto (Dkt. No. 135) ("Memorandum Opinion"). Chase is contemporaneously filing a notice of appeal relating to the Orders.

2. The stay of the Order Granting Relief is essential to preserve the status quo regarding real property owned by Debtors Ramon Aguirre and Bertha Aguirre (the "Debtors") located at 1374 West Grand Avenue, Chicago, Illinois from which the Debtors operate a restaurant (the "Restaurant"). The stay should protect the interests of the Debtors, the Debtors' creditors, Chase, and Wheeler Dealer Ltd. d/b/a Wheeler Financial, Inc. ("Wheeler") in the Restaurant pending appeal of the Orders. Without a stay of the Order Granting Relief, the Debtors may be deprived of their business premises and the income from the business necessary

1

to complete their confirmed Second Amended Plan of Reorganization (Dkt. No. 69) (the "Plan"), as modified by the Order (the "Plan Amendment") (Dkt. No. 84) and approved by Order Approving Second Amended Disclosure Statement (Docket 70) and Confirming Second Amended Plan of Reorganization (Docket 69) (Dkt. No. 85) (the "Confirmation Order"), while Chase may be deprived of a substantial portion of the security for its loan to Debtors. On the other hand, the minimal delay caused by a stay will not substantially harm Wheeler. The Court should stay the Order Granting Relief to permit a substantive review on appeal.

## BACKGROUND

3. The background of this matter has been extensively presented by the parties in the Motion of Wheeler Financial, Inc. for Relief from Automatic Stay (Dkt. No. 91) ("Relief Stay Motion") and the Motion to Modify Confirmed Chapter 11 Plan as to Class Two (Wheeler-Dealer Ltd dba Wheeler Financial, Inc., DuPage County, Cook County and JPMorgan Chase Bank, N.A.) (Dkt. No. 99) ("Motion to Modify"), responses and replies thereto and at the hearings on these motions. The background presented here is a summary of the matters presented to the Court in this case.

4. Prior to the bankruptcy case, Chase loaned Debtors in excess of $1.3 million secured by a first priority mortgage on the Restaurant located near the United Center, as well as a mortgage on the Debtors' residence located in DuPage County (the "Residence"). Real estate taxes accrued on the Restaurant, and on August 8, 2012, the Cook County Collector sold the 2010 taxes to Wheeler.

5. On June 30, 2014, Debtors filed the above-captioned bankruptcy case prior to the expiration of the redemption period for the taxes. On November 20, 2014, Wheeler filed an extension of the redemption period for the taxes to February 11, 2015, and on December 9, 2014

(while this bankruptcy case was pending and without first seeking relief from stay), Wheeler filed another extension of the redemption period for the taxes to June 8, 2015.

6.　On April 15, 2015, prior to the expiration of the extended redemption period, the Court confirmed the Plan, as modified by the Plan Amendment. With respect to the treatment of Wheeler's claim, the Plan provided as follows:

> CLASS 2 -Claim of Wheeler-Dealer Ltd., d/b/a Wheeler Financial, Inc./Cook County Clerk and/or DuPage County Treasurer/DuPage County Clerk. Debtors owe over $40,000 to Wheeler-Dealer Ltd., d/b/a Wheeler Financial, Inc., a real estate tax purchaser, Cook County Clerk and/or DuPage County Treasurer/DuPage County Clerk, for past due real estate taxes, interest and penalties. The real estate commonly known as 1307 Burlington, Lisle, Illinois, has been placed for sale with a Real Estate Agent and shall remain for sale until sold. Upon sale of the property, the net proceeds from the sale (defined as payment of broker's commission, real estate tax prorations, usual and customary title charges, usual and customary closing costs and a reasonable attorneys' fee, not to exceed $3,000) will be used to pay the pre-petition real estate taxes currently owing for 4599 Hatch Lane, Lisle, Illinois 60532 and 1374 West Grand Avenue, Chicago, Illinois, including but limited to all amounts now owed to the Wheeler-Dealer Ltd., d/b/a Wheeler Financial, Inc./Cook County Clerk and the DuPage County Treasurer (both Cook and DuPage County) for these two parcels through 2013. Additionally, the balance of the net proceeds up to $50,000.00 shall be paid to [Chase] as additional consideration to agree to this Plan of Reorganization. This paragraph applies to the prepetition real estate taxes on the real estate commonly known as 4599 Hatch Lane, Lisle, Illinois and 1374 West Grand Avenue, Chicago, Illinois only. This claim is impaired.

The Plan was modified by the Plan Amendment to also provide as follows:

> Class 2- Claim of Wheeler-Dealer, Ltd. is amended to add a provision that states as follows: 1) Debtors are to sell the property and/or payoff the entire balance owed to Wheeler-Dealer, Ltd. within six month of confirmation. All other terms as to Class 2 shall remain the same.

Article IX of the Plan, entitled "Invalidation of Liens and Discharge," states as follows:

> The provisions of the confirmed Plan shall bind all creditors and other parties in interest, whether or not such persons accept the Plan. The distributions provided under the Plan shall be in exchange for and in complete satisfaction and release of all Claims against any of the assets or properties of the Debtors. Unless otherwise specifically provided to the contrary herein or in the Confirmation Order, on and after Confirmation, all holders of Claims shall be precluded from asserting any Claim against the Debtors.

3

7. Debtors failed to pay Wheeler under the terms of the Plan on or before October 15, 2015 (six months after Plan confirmation). On November 19, 2015, Wheeler filed its Motion for Relief seeking relief from stay to permit it to acquire the Debtors' Restaurant for the approximately $43,000 of unpaid taxes on the Restaurant. On December 7, 2015, Debtors filed their Motion to Modify Plan requesting additional time to pay Wheeler's tax claim. On January 20, 2016, Debtors and Chase appeared before the Court and represented that they had sufficient funds in their possession to immediately pay Wheeler's tax claim in full. On April 18, 2016, the Court entered the Orders granting Wheeler relief from stay and denying the Debtors the opportunity to modify their Plan.

## ARGUMENT

8. A stay of the Order Granting Relief is necessary to mitigate the potential damage that can be done until the issues presented in this case can be finally resolved on the merits on appeal. Federal Rule of Bankruptcy Procedure 8007 allows for the stay of a bankruptcy court's order pending an appeal to the district court:

> [A] party must move first in the bankruptcy court for the following relief:
> (A) stay of judgment, order, or decree of a bankruptcy court pending appeal;
> (B) the approval of a supersedeas bond;
> (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending; or
> (D) the suspension or continuation of proceedings in a case or other relief permitted by subdivision (e).

Fed. R. Bankr. P. 8007(a)(1). Subdivision (e) provides the bankruptcy court with significant flexibility to fashion relief pending appeal:

> [T]he bankruptcy court may . . . issue any other appropriate orders during the pendency of an appeal to protect the rights of all parties in interest.

Fed. R. Bankr. P. 8007(e)(2).

4

9. The goal of a stay pending appeal is to minimize the costs of potential error. *See In re A & F Enterprises, Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014) (*citing Stuller, Inc. v. Steak N Shake Enters., Inc.*, 695 F.3d 676, 678 (7th Cir. 2012); *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 388 (7th Cir. 1984)). The flexible language and approach of Rule 8007 permits the bankruptcy court to uniquely tailor relief to the circumstances of the case. *See In re Quade*, 496 B.R. 520, 531 (Bankr. N.D. Ill. 2013) (*citing In re Westwood Plaza Apts., Ltd.*, 150 B.R. 163, 165 (Bankr.E.D.Tex.1993); *In re Hagel*, 184 B.R. 793, 798–99 (9th Cir. BAP 1995)).

10. The bankruptcy court should consider four factors on a sliding scale to determine whether to grant a stay pending appeal: "1) whether the appellant is likely to succeed on the merits of the appeal; 2) whether the appellant will suffer irreparable injury absent a stay; 3) whether a stay would substantially harm other parties in the litigation; and 4) whether a stay is in the public interest." *In re A & F Enterprises, Inc. II*, 742 F.3d at 766 (citations omitted); *In re Forty–Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997); *In re Quade*, 496 B.R. 520, 526 (Bankr. N.D.Ill. 2013) ("The party seeking a stay has the burden of proving it has met the first two threshold factors in a preliminary analysis, and if the movant succeeds, all four factors are considered on a sliding scale."). The bankruptcy court has the authority to weigh particular factors more heavily than others, even if another factor is not satisfied. *See In re Quade*, 496 B.R. at 526 and 531 (Bankr. N.D.Ill. 2013) (*citing In re Dakota Rail Inc.*, 111 B.R. 818, 820 (Bankr. D.Minn. 1990)).

**A.    Chase has a Likelihood of Success on the Merits of the Appeal.**

11. The applicant for a stay pending appeal must first show some likelihood of success on the merits. *Forty–Eight Insulations*, 115 F.3d at 1300–01. "'Likelihood of success is not certainty of success; neither is it a mere possibility.'" *Raymond Prof'l Grp., Inc.*, 438 B.R. at

140 (*quoting In re Doctors Hosp. of Hyde Park, Inc.*, 376 B.R. 242, 246 (Bankr.N.D.Ill.2007). In this case, Chase has a likelihood of success on this appeal.

12.  The equities strongly support a modification of the Plan under Section 1127(e). Since this is an individual Chapter 11 case, the Debtors may "extend or reduce the time period for such payments." 11 U.S.C. §1127(e)(2). The Debtors proposed to extend the time period for payments under the Plan and to pay Wheeler in full following an additional six month period, with Chase agreeing to back up the payment obligation. The Court rejected the proposal by Chase and the Debtors to make the immediate payment of Wheeler (or to Cook County) of the full amount of the claim – less than $50,000. Instead, the Orders permit Wheeler to proceed forward with its state court action to obtain a tax deed to the Restaurant which, according to the last appraisal obtained by Chase dated February 6, 2014 attached as Exhibit B to JPMorgan Chase Bank, N.A.'s Response to Motion of Wheeler Financial, Inc. for Relief from the Automatic Stay (Dkt. No. 100), provides that the Restaurant is worth at least $850,000.00 as of January 3, 2014. By these actions, the Court is permitting Wheeler to be enriched beyond any reasonable measure of its claim, while the Debtors may lose the Restaurant and their means for repayment of creditors through the confirmed Plan, and Chase may lose its collateral.

13.  The appeal is also likely to succeed because the Plan provided for Wheeler's tax claim other than by preserving Wheeler's lien rights. The Plan provided for prompt payment to Wheeler, but did not expressly preserve any lien rights for Wheeler. Section 1141(c) provides that property dealt with by a plan is "free and clear of all claims and interests of creditors." Chase submits that the Court misinterpreted the Plan's provisions regarding treatment of the tax claims, including Wheeler's tax claim. The default rule is that a lien is extinguished in a plan of reorganization unless the plan preserves those interests in property, where the creditor participated in the bankruptcy case. *See In re Penrod*, 50 F.3d 459, 462-63 (7th Cir. 1995).

Wheeler had notice of the Plan terms, participated in the bankruptcy case by requiring terms in the Plan regarding payment (including requesting the entry of the Plan Amendment entered for its benefit), but Wheeler did not negotiate a reservation of its lien rights on the Restaurant in the Plan. The Plan dealt with the Restaurant and the claims of those that had interests in the Restaurant. Chase respectfully submits that the Court misapplied Seventh Circuit precedent establishing that the tax lien securing Wheeler's claim on the Restaurant was extinguished upon confirmation of the Plan. The Orders permit Wheeler to proceed forward with enforcing the tax lien that the Plan extinguished. The interests of justice require this issue be determined on appeal.

14. Additionally, Chase respectfully submits that the Court failed to properly place *Smith v. Sipi, LLC (In re Smith)*, 811 F.3d 228 (7th Cir. 2016), in the context of this case when it determined that the Plan did not preserve a cause of action against Wheeler for fraudulent transfer. There is no fraudulent transfer claim that needed to be preserved in the Plan because it had not yet occurred. The Court could and should prevent transfers of assets provided for in the Plan for substantially less than reasonably equivalent value, because such a transaction does not maximize value for the estate and for distribution to creditors. In fact, the entry of the Orders does exactly the opposite. The *Smith*-like transfer through a tax deed that Wheeler is attempting to accomplish will be a fraudulent transfer that will have to be avoided after it is completed. By entering the Orders, the Court is permitting Wheeler to proceed in state court and facilitating the transfer of the Restaurant that will have to be subsequently avoided. In doing so, Chase respectfully submits that the Court's reading of the *Smith* case is overly narrow.

15. There are substantial issues that will be presented in this appeal, and Chase is likely to succeed in its appeal of these issues. At a minimum, the Court should determine that there is some likelihood of success on the appeal for purposes of granting a stay.

**B.    Chase will be Irreparably Harmed if the Order Granting Relief is not Stayed**

16.    The second factor is irreparable harm to Chase and Debtors should the Order Granting Relief not be stayed. Chase will be irreparably harmed because its primary collateral for its loan to Debtors – the mortgage on the Restaurant – may be eliminated if Wheeler obtains the issuance of a tax deed and records it.

17.    While mere economic injury will not rise to the level of irreparable harm, here the Debtors will be unable to complete its confirmed Plan and pay Chase without income generated from the Restaurant. *See In re Quade*, 496 B.R. at 529 (Bankr. N.D.Ill. 2013). Such an injury is not speculative, and not merely economic, because without the Restaurant as a means of payment and security, Chase will be left with limited other means to recover its claims as required in the Plan.

18.    In this case, permitting Wheeler to proceed forward with its state court action to obtain a tax deed may also render the appeal moot. While the mere fact that an appeal being rendered moot does not itself constitute irreparable harm, the harm to Chase may not be able to be repaired in the event that a tax deed is obtained by Wheeler. Without a stay, the Debtors' and Chase's interests in the Restaurant may be lost. The Restaurant is the central and essential element to the reorganization of the Debtors. The Debtors' budgets provided with the Disclosure Statement demonstrate that the operation of the Restaurant is necessary to cover the Plan distributions to Chase

**C.    Possibility of Harm to Other Parties Favors a Stay of the Order Granting Relief**

19.    The third factor is the possibility of harm to other parties. *In re Quade*, 496 B.R. 520, 529 (Bankr. N.D.Ill. 2013) (citation omitted). In this case, the Court should consider the potential harm to the Debtors, to the Debtors' creditors, and to Wheeler.

20. As discussed above, if the Order Granting Relief is not stayed and Wheeler obtains a tax deed, the Debtors will be deprived of the business premises on which they operate the Restaurant. If the Order Granting Relief is not stayed, Debtors' ability to earn a living through their business will be terminated. The Debtors will have no ability to continue and complete their obligations under the confirmed Plan. This potentially ends the Debtors' bankruptcy reorganization. The bankruptcy case will no longer be about salvaging and reorganizing a business; it will result in a liquidation of the Debtors' livelihood and Residence. The creditors of the estate will no longer be able to recover completely through the Plan because the Debtors will no longer be able to generate income sufficient to complete the Plan. The harm to the Debtors and the Debtors' creditors favors staying the Order Granting Relief.

21. This harm would be irreparable. If the Orders are reversed on appeal, the parties cannot be placed back in their current positions. The business cannot be stopped and then restarted as the Restaurant without substantial disruption in the event that Wheeler proceeds to obtain a tax deed. The employees that work at the business will lose their jobs and income, and the Debtors will no longer be able to pay their creditors under the Plan. The status quo should be maintained now.

22. On the other hand, the harm to Wheeler is minimal. At this point, Wheeler would still maintain its rights, if any (as the Court suggested in the Memorandum Decision), in the Restaurant. Its state law rights and remedies with respect to the Restaurant are maintained and preserved depending on the ultimate determination of these matters in the appeal. If the Orders are affirmed, Wheeler seemingly will be able to proceed with its state court action to obtain a tax deed without further action. The only harm to Wheeler from a stay would be the minimal delay -- likely no more than 120 days -- for the appeal to complete its course.

23. The Court can flexibly fashion a stay to protect Wheeler's interests, while still maintaining the Debtors' business and opportunity for the bankruptcy estate to accomplish the reorganization set out in the Plan. Any stay order should preserve of all parties' rights.

**D.  Public Interests in this Case Favor a Stay of the Order Granting Relief**

24. The last factor is whether a stay pending appeal is in the public interest. Public interests would be furthered by staying the Order Granting Relief. Primary guiding principles embodied in the Bankruptcy Code include the fresh start for debtors. The Orders here would deprive the Debtors of their fresh start that they, of course, still have to earn through the completion of their Plan. There is a public interest in preserving the Debtors' business. In addition to supporting the Debtors, the Restaurant has employees that depend on their jobs as well. The Court should consider the public interests that support granting a stay of the Order Granting Relief.

**E.  Bond Required for a Stay Pending this Appeal should Reflect the Potential Harm**

25. Rule 8007 does not require the posting of bond to obtain a stay pending appeal. The potential harm to Wheeler if the Order Granting Relief is stayed is a short delay until the appeal can run its course. In the event that the Orders are affirmed on appeal, Wheeler is not deprived of any of its state law rights and remedies. If the Court determines that a stay should be conditioned upon the posting of bond, Chase respectfully submits that any bond requirement should reflect that the potential harm to Wheeler is limited to the time delay in seeking its tax deed.

## CONCLUSION

26. The Order Granting Relief should be stayed pending appeal to protect the Debtors' ownership of the Restaurant, the business operated at the Restaurant, the funding for the Plan payments to creditors, and Chase's mortgage on the Restaurant. The stay requested can be

fashioned to protect Wheeler's interests as well. Rejecting this request for a stay of the Order Granting Relief could otherwise have the effect of putting a stake through the heart of this bankruptcy case and the potential for reorganizing this business.

WHEREFORE, JPMorgan Chase Bank, N.A. respectfully requests this Court enter a stay of the Order Granting Relief pending appeal on terms that are just and reasonable under the circumstances to protect the parties and maintain the status quo, and grant such other and further relief as the Court deems just.

Dated: May 2, 2016

Respectfully submitted,

JPMorgan Chase Bank, N.A., Movant,

By: /s/ Brian W. Hockett
One of Its Attorneys

Brian W. Hockett (IL Bar No. 6281854)
Thompson Coburn LLP
One U.S. Bank Plaza
St. Louis, Missouri 63101
Telephone: 314-552-6461
Facsimile: 314-552-7000
bhockett@thompsoncoburn.com

Lauren Newman, Esq. (IL Bar No. 6188355)
Thompson Coburn LLP
55 East Monroe, 37th Floor
Chicago, Illinois 60603
Telephone: (312) 346-7500
Fax: (312) 782-3659
lnewman@thompsoncoburn.com

## CERTIFICATE OF SERVICE

The undersigned attorney, being first duly sworn on oath, deposes and says that she served a copy of JPMORGAN CHASE BANK, N.A.' S MOTION FOR STAY OF ORDER GRANTING RELIEF PURSUANT TO FED. R. BANKR. P. 8007 PENDING APPEAL, by ECF or U.S. Mail, as designated below, on May 2, 2016.

/s/ Brian W. Hockett

Ramon Aguirre
Bertha Aguirre
4599 Hatch Lane
Lisle, IL 60532
(Via U.S. Mail)

Paul M. Bach
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, IL 60523
(Via ECF)

Penelope N. Bach, Esq.
Bach Law Offices
555 Skokie Blvd, Suite 500
Northbrook, IL  60062
(Via ECF)

Robert M. Fishman
Shaw Fishman Glanz & Towbin LLC
312 North Clark Street, Suite 800
Chicago, IL 60654
(Via ECF)

David R. Doyle
Shaw Fishman Glanz & Towbin LLC
312 North Clark Street, Suite 800
Chicago, IL 60654
(Via ECF)

Patrick S. Layng
Office of the U.S. Trustee
219 S. Dearborn Street, Room 873
Chicago, IL 60604
(Via ECF)