IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| RAMON AGUIRRE AND BERTHA AGUIRRE, | Case No. 14-24420 |
| | Hon. Timothy A. Barnes |
| Debtors. | |

**OBJECTION OF WHEELER FINANCIAL, INC., TO JPMORGAN CHASE BANK, N.A.'S MOTION FOR STAY PENDING APPEAL [Dkt. No. 151]**

Wheeler Financial, Inc. ("Wheeler"), hereby submits its objection (the "Objection") to *JPMorgan Chase Bank, N.A.'s Motion for Stay of Order Modifying the Automatic Stay Pursuant to Fed. R. Bankr. P. 8007 Pending Appeal* [Dkt. No. 151] (the "Motion," and all undefined terms herein having the meanings set forth in the Motion), filed by JPMorgan Chase Bank, N.A. ("JPMorgan"). In support of the Objection, Wheeler respectfully states as follows:

**Introduction**

In the Motion, JPMorgan asks the Court for a discretionary stay of the order granting Wheeler relief from the automatic stay, *see* [Dkt. No. 136] (the "Stay Relief Order"), pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure (the "Rules"). The Motion is simply more of the same from JPMorgan. Once again, JPMorgan asks the Court to delay Wheeler from enforcing its legitimate state law rights, while JPMorgan and the Debtors continue to enforce their own rights. The Motion also continues JPMorgan's habit of casting Wheeler's conduct as inequitable—"enriched beyond any reasonable measure"—while assuming that the exercise of its own state law rights is beyond reproach. Finally, the Motion recycles the same arguments against stay relief that the Court has already considered and rejected. The Court should deny the Motion.

**Objection**

1. A motion for a stay pending appeal under Fed. R. Bankr. P. 8007 is an exceptional form of relief and requires a considerable showing from the movant. *In re Quade,* 496 B.R. 520, 526 (Bankr. N.D. Ill. 2013). In determining whether a discretionary stay of judgment pending appeal should be granted, the Court must determine: (i) the likelihood that the party seeking the stay will prevail on the merits; (ii) whether the movant would suffer irreparable harm if the stay is not granted; (iii) whether other parties would suffer substantial harm if the stay is granted; and (iv) whether the public interest would be harmed if the stay is granted.

2. Applying these factors here demands denial of the requested stay.

**I.   JPMorgan cannot establish a likelihood of success on appeal.**

3. The Court should deny JPMorgan's request for a stay because JPMorgan has failed to establish a likelihood of success on appeal. Because JPMorgan cannot make this threshold showing, the Court need not consider the other factors listed above. *See id.* (noting that, without threshold finding of some likelihood of success on appeal, no further inquiry by court is merited).

4. JPMorgan argues that it will succeed on appeal because the "equities" support modifying the Plan. Motion at 6. If anything, however, the Court has made clear that the equities favor Wheeler, not JPMorgan or the Debtors. In its *Memorandum Decision* [Dkt. No. 11] (the "Memorandum Decision"), the Court made the following findings:

   a. "JPMorgan also does not explain how allowing a party its legally afforded rights amounts to an inequitable profit, or what an inequitable profit might be." Memorandum Decision at 5.

   b. "The equities in this case are . . . integral to stay relief analysis because the Debtors do bear sole responsibility in creating the problem the court is presently faced with." Memorandum Decision at 9.

   c. "The list of inappropriate actions toward Wheeler and the bankruptcy process in general in this case is much longer than should be countenanced by any court. The

        Debtors and JPMorgan have wasted repeated chances to pay Wheeler and remove the threat of Wheeler's tax deed foreclosing all other interests in the Property, and appear to only act appropriately when forced to do so. Despite the potential harm to the Debtors and JPMorgan, ***the equities favor Wheeler***." Memorandum Decision at 10 (emphasis added).

    d. "[T]he court is not inclined to enforce [the offer of immediate payment] given . . . the overall inequitable conduct of the Debtors and JPMorgan." Memorandum Decision at 12.

Thus, the equities do not support modifying the Plan, and JPMorgan does not have a likelihood of succeeding on the appeal.

    5.    JPMorgan's other arguments merely rehash positions that were set forth in its earlier briefs and which the Court addressed in the Memorandum Decision. Such is plainly insufficient to satisfy JPMorgan's burden of establishing a likelihood of success on appeal. *See Local 1303-362 of Council 4 v. KGI Bridgeport Co.,* No. 3:12CV1785 AWT, 2014 WL 555355, at *6 (D. Conn. Feb. 10, 2014) (holding movant could not show likelihood of success on appeal where movants "offered no new arguments demonstrating why the [c]ourt's conclusion . . . was reversible error"); *see Quade,* 496 B.R. at 527 (noting that "a movant's belief alone that it will win on appeal is not enough"). The Court should therefore deny the Motion.

    **II.**    **JPMorgan cannot show that it will suffer irreparable injury absent a stay.**

    6.    To obtain a stay pending appeal, JPMorgan must also show that it faces irreparable harm absent a stay. *Quade*, 496 B.R. at 527. The "harm alleged must be both certain and immediate, rather than speculative or theoretical." *Id.* "A movant's fear of harm occurring that is only speculative is insufficient to meet the definition of an *irreparable* injury." *Id.* at 527-28 (emphasis in original).

    7.    Here, JPMorgan fails to meet this exacting standard. To obtain a deed to the Property, Wheeler must successfully petition for a deed in the state court. The state court will hold

an evidentiary hearing, and Wheeler will have to prove, among other things, that all subsequent taxes have been paid and that it complied with the Illinois Property Tax Code. *See* 35 ILCS 200/22-40. Not surprisingly, JPMorgan refuses to admit that Wheeler's success in state court is "certain and immediate," as required for a stay. To the contrary, JPMorgan asserts that the potential harm is merely speculative. *See* Motion at 6 ("By these actions . . . the Debtors *may* lose the Restaurant . . . and Chase *may* lose its collateral."); Motion at 8 ("Chase will be irreparably harmed because its primary collateral . . . *may* be eliminated if Wheeler obtains the issuance of a tax deed and records it.") (emphasis added). This is consistent with JPMorgan's previous filings, where it suggested that it intends to challenge Wheeler's compliance with the Illinois Property Tax Code in the state court. *See* JPMorgan Chase Bank, N.A.'s Response to Motion of Wheeler Financial Inc., for Relief from the Automatic Stay [Dkt. No. 100]. Therefore, nothing in the Motion shows that the harm to JPMorgan is "certain and immediate" as required under *Quade.*

8. JPMorgan also suggests that "permitting Wheeler to proceed forward with its state court action to obtain a tax deed may also render the appeal moot." Motion at 8. But as JPMorgan later admits, "possible mootness alone is not enough to establish irreparable injury." *In re Doctors Hosp. of Hyde Park,* 376 B.R 242, 249 (Bankr. N.D. Ill. 2007).

9. As such, this second factor weighs against a stay.

**III.    The possible harm to third parties does not justify staying the Stay Relief Order.**

10. The third factor requires the Court to consider whether other parties will suffer "substantial harm" without a stay. *Quade,* 496 B.R. at 526. JPMorgan argues that refusing to stay the Stay Relief Order will "potentially end the Debtors' bankruptcy reorganization." For one thing, as the Court has already recognized, "the Debtors . . . bear sole responsibility in creating the problem the court is presently faced with." Memorandum Opinion at 5. Moreover, the purported

"reorganization" of the Debtors is of questionable value, having only benefitted JPMorgan, which received $8,000 per month throughout the Debtor's bankruptcy case, while the Debtors' other creditors received little or nothing on behalf of their claims.

11. JPMorgan also suggests that failing to grant a stay "will result in a liquidation of the Debtors' livelihood and Residence." Motion at 9. In reality, Wheeler has repeatedly stated that it is willing to discuss with the Debtors allowing the restaurant to continue operating in the Property under a lease. As for the Residence, whether JPMorgan decides to deprive the Debtors of their Residence by exercising its foreclosure rights is entirely within the discretion of JPMorgan, not Wheeler. *See* Memorandum Decision at 5 ("[T]he threat of losing the residence that JPMorgan seeks to protect the Debtors from is a threat from JPMorgan itself").

12. Finally, JPMorgan suggests that "the only harm to Wheeler . . . would be . . . minimal delay." Motion at 9. But since this bankruptcy case was filed, the Debtors and JPMorgan have done nothing but delay Wheeler from enforcing its rights, all the while the Debtors and JPMorgan have continued to enforce theirs. The Court should deny the Motion and finally permit Wheeler to assert its state law rights with respect to the Property.

**IV.    No public interest justifies staying the Stay Relief Order.**

13. The final factor—whether the requested stay is in the public interest—also weighs against staying the Stay Relief Order. JPMorgan once again speaks for the Debtors and argues that failing to stay the Stay Relief Order would "deprive the Debtors of their fresh start." Motion at 10. Whether the Debtors receive a discharge is entirely dependent on their compliance with the terms of the Plan or, alternatively, converting to a chapter 7. But their ability to obtain a "fresh start" has nothing to do with Wheeler pursuing its right to a tax deed to the Property and is irrelevant to the relief requested by the Motion.

\*     \*     \*

14. Finally, because JPMorgan has failed to meet its burden to stay the Stay Relief Order pending appeal under Rule 8007, the Court need not address the amount of the supersedeas bond to be posted by JPMorgan. It is worth noting, however, that JPMorgan has taken the position that Wheeler would only be entitled to a *de minimis* bond to "reflect that the potential harm is limited to the time delay in seeking its tax deed." Motion at 10. Or in other words, Wheeler's rights can be disregarded yet again while JPMorgan and the Debtors have yet another chance to assert their own rights and protect the only thing that matters to JPMorgan, its own financial best interests.

**Conclusion**

For all of these reasons, Wheeler Financial, Inc., hereby requests that the Court: (i) deny the Motion; and (ii) grant such other just and equitable relief.

Dated: May 10, 2016

Respectfully submitted,

WHEELER FINANCIAL, INC.

By  /s/ Robert M. Fishman
    One of its attorneys

Robert M. Fishman (3124316)
David R. Doyle (6303215)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL  60654
rfishman@shawfishman.com
ddoyle@shawfishman.com

**Certificate of Service**

Robert M. Fishman, the undersigned attorney, hereby certifies that on May 10, 2016, he caused a copy of the foregoing to be served upon the following CM/ECF registrants in the above-captioned bankruptcy case.

/s/ Robert M. Fishman

- **Paul M Bach**   paul@bachoffices.com, pnbach@bachoffices.com
- **Paul M Bach**   ecfbach@gmail.com, ECFNotice@sulaimanlaw.com;Courtinfo@Sulaimanlaw.com;bkycourtinfo@gmail.com;Paul@BachOffices.com;mbadwan@sulaimanlaw.com;bkycourtinfo@gmail.com;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpress.info
- **Penelope N Bach**   pnbach@bachoffices.com, ecfbach@gmail.com;courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com;mbadwan@sulaimanlaw.com;bkycourtinfo@gmail.com;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpress.info
- **Mohammed O Badwan**   mbadwan@sulaimanlaw.com, mbadwan@sulaimanlaw.com;courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpress.info
- **David R Doyle**   ddoyle@shawfishman.com, kjanecki@shawfishman.com
- **Robert M Fishman**   rfishman@shawfishman.com, kjanecki@shawfishman.com
- **Brian Hockett**   bhockett@thompsoncoburn.com, hspurgeon@thompsoncoburn.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Lauren Newman**   lnewman@thompsoncoburn.com, jhampton@thompsoncoburn.com
- **Nathan C Volheim**   courtinfo@sulaimanlaw.com, molly.a@consumerlawpartners.com,sulaiman.igotnotices@gmail.com